IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CARL E. JORDAN,<br> Plaintiff, | )<br>)<br>) |
| VS. | )   CASE NO. __3-19-0907__<br>) |
| BILL B. LEE, GOVERNOR OF THE<br>STATE OF TENNESSEE, in his<br>official and individual capacities;<br>DAVID B. RAUSCH, STATE OF<br>TENNESSEE DIRECTOR OF<br>TENNESSEE BUREAU<br>INVESTIGATION, in his official<br>and individual capacities.<br>HERBERT H. SLATERY III, STATE<br>OF TENNESSEE ATTORNEY<br>GENERAL, in his official and<br>individual capacities.<br>STATE OF TENNESSEE, in his or her<br>official and individual capacities.<br>JOHN AND JANE DOES, in his and her<br>official and individual capacities.<br>et al.<br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   DEMAND FOR A TRIAL BY JURY<br>IS REQUESTED PURSUANT TO<br>RULE 38 F.R.C.P.<br><br>DECLARATORY AND INJUNCTIVE<br>RELIEF IS REQUESTED |

<u>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § § § 1983, 1985, 1988
AND 38 U.S.C. § § 511(a), 5301**</u>

<u>NATURE OF THE ACTION</u>

This is a *pro se* civil rights complaint instituted under the Civil Rights Acts of 1871, 42 U.S.C. § 1983 to redress the deprivation under color of state of law, custom, regulation, practice, policy or usage, of rights, privileges and immunities secured under the First, Fourth, Sixth, Eighth, Ninth and Fourteenth Amendment of the United States Constitution and the due process clause of the United States Constitution, nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws and 14th Amendment of the United States Constitution nor that laws made

for the punishment of acts committed previous to the existence of such laws, and by them only declared criminal, are contrary to the principles of a ex post facto law shall be made under Tennessee Constitution Art. 1 §11, nor ex post facto law retroactive alter the definition of a crime, retroactively increase the punishment for a criminal act, or punishment that was legal when committed, they are prohibited by Article 1 § 10, clause 1, of the United States Constitution.

## INTERESTED PARTIES

Plaintiff Carl E. Jordan, reside at 1603-14th Avenue North, Nashville, Davidson County, Tennessee, 37208.

**DEFENDANTS:**

Name: Bill B. Lee, Governor of the
State of Tennessee
State Capitol
1st floor
600-Dr. Martin L. King Jr. Blvd.
Nashville, TN 37243
He is being sued in his official and individual capacities.

Name: David B. Rausch, State of Tennessee
Director of the Tennessee Bureau of
Investigation
901-R.S. Gass Blvd
Nashville, TN 37216
He is being sued in his official and individual capacities.

Name: Herbert H. Slatery III, State of Tennessee Attorney General
P.O. Box 20207
500-Charlotte Avenue North
Nashville, TN 37202
He is being sued in his official and individual capacities

Name: John Does; Jane Does, et al.
He or She is being sued in his official and individual capacities.

## PLAINTIFF INVOKES THE COURT'S SUBJECT MATTER JURISDICTION OVER HIS STATE LAW CLAIMS PURSUANT 28 U.S.C. § 1331, 1332, 1343 & 1367(a)

1. The Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1331, 1332, 1343 and 1367(a).

2. This is a suit in equity and is authorized under 42 U.S.C. § 1983, to redress the continuing deprivation under color of state law of right, privileges, and immunities as so secured to the Petitioner by the United States Constitution.

3. Plaintiff's request for Declaratory Judgment, is authorized pursuant to 28 U.S.C. §§ 2201 and 2202. Injunctive Relief is authorized pursuant to Rule 65(a) of the Federal Rules of Civil Procedure.

4. This Court has jurisdiction over the Plaintiff's state law claims through the doctrine of pendent jurisdiction.

5. Venue is proper in the Middle District of Tennessee, under 28 U.S.C. 1391(b), since all the acts and transactions complained of herein after, all occurred within this Judicial District.

6. Plaintiff seeks declaratory and injunctive relief, as well as compensatory monetary, and punitive damages to compensate him for any and all injuries resulting from the acts and omissions of the Defendants

7. Plaintiff seeks declaration, that the Defendants acts and omissions violated the Plaintiff's right under both Tennessee State Law, and the United States Constitution of America.

# PRELIMINARY STATEMENTS / INTRODUCTION

This is a civil rights action complaint, brought by a State of Tennessee, Black American Citizen against the Defendants for depriving the Plaintiff of right so secured by the constitutional laws of the United States and the State of Tennessee. This complaint is built on when the Plaintiff were release from State Prison in May 2, 2005, after the expiration date of his thirty (35) years sentence, which was committed on July 11, 1980 the charged offense of Second (2nd) degree murder, armed robbery and aggravated rape.

Plaintiff submits that before his release date he was told by the State of Tennessee Department of Correction that he had to report to the Metropolitan Davidson County Sheriff's Office (M.D.C.S.O.) to registry as sex offender.

Plaintiff claims that on October 7, 2018, he wrote the Tennessee Bureau of Investigation (T.B.I.) requesting to be removed from the sex offender's registry. (See Attached Exhibit #1).

Plaintiff alleges that on October 19, 2018, the TBI responded to Plaintiffs letter denying Plaintiffs requested *"because their record indicated that Plaintiff are registered as a violent sex offender for plaintiff's conviction of aggravated rape." "Said conviction is considered a sexually violent offense as defined in T.C.A. 40-39-202(28)." "Tennessee Code Annotated 40-39-207(g)(1)(B) states that a person required to register shall continue to comply with the registration and quarterly monitoring requirements for life of that person if that person has been convicted of a sexually violent offense." "Therefore, you will not be eligible for removal from the sex offender registry and must continue to register for life while living in Tennessee. Unless your conviction is overturned or you receive exoneration for your sexual conviction,*

*The T.B will not respond to any further requests for termination that you might make."* (See Attached Exhibit #2).

Plaintiff asserts that said conviction is considered a sexually violent offense as defined in T.C.A. § 40-39-202(28), T.C.A. § 40-39-207(g), (1), (B) states that a person required to register shall continue to comply with the registration and quarterly monitoring requirement for the life of that person has been convicted of a sexually violent offense. Therefore, Plaintiff will not be eligible for removal from the Sex Offender Registry (SOR) and must continue to registry for life while living in the State of Tennessee. (See Attached Exhibit #2).

## STATEMENT OF FACTS AND FACTUAL ALLEGATIONS

Plaintiff claims that on May 2, 2005, after his released from Tennessee Department of Correction (T.D.O.C.) Plaintiff was told by the Tennessee Department of Correction that Mr. Jordan had to report to the Metropolitan Davidson County Sheriff Department (M.D.C.S.D.) to be added to the register as a sex offender.

Plaintiff states that since his release from incarceration Mr. Jordan has been arrested for failing to report change of address and received ten (10) days in the Davidson County Jail and for failing to pay one hundred and fifty ($150.00) dollars fees required under the register. Plaintiff alleges that he was arrested again and received three (3) days in the Davidson County Jail.

Plaintiff claims that in 2016, Mr. Jordan was denied employment opportunity because he is on the registry. Plaintiff maintains that in April of 2019, Mr. Jordan was denied a trip upon a cruise ship due to Mr. Jordan being on the registry.

Plaintiff alleges that on April 22, 2019, Mr. Jordan was denied housing because being on the register as a violent sexual offender. (See Attached Exhibits 3).

Plaintiff claims that research contends that one percent of all black men in the U.S. are registered sex offender and Black Man enter the sex offender registries at nearly twice the rate of White Men. Black Men disproportionately represented on the sex offender registries reflect widespread, systemic bias. Plaintiff declares that this Sex Offender Register Law and Register was applied to Mr. Jordan racist discriminatory.

## ARGUMENTS

Plaintiff submits that the Defendants mentioned herewith did act willfully, knowingly, intentionally, maliciously, arbitrary, deliberately and reprehensibly when the Defendants classified Plaintiff as a violent sex offender denying Mr. Jordan his right under the 14th Amendment of the United States Constitution.

Plaintiff asserts that the application of the sex offender's registry is contrary to the principles of a free government be application of sex offender's registry is being applied to punish for a crime committed previously to the existence of such laws, no ex post facto law shall be made under Tenn. Const. Art. 1, § 11 Art. 1, § 10 Clause 1, of the United States Constitution.

Plaintiff submits that the Tennessee Sex Offender Registry (SORA) Act is significantly illegal as applied retroactive. Plaintiff argues that the restrictions violates the due process clause of the 14th Amendment and Constitution provision ex post facto clause which cannot retroactively enact punishment on a previously legal conduct.

Plaintiffs states that the Court stated that these laws present serious constitutional problems under the Due Process Clause. But even more obviously, they run afoul of the Constitution's Ex Post Facto Clause, which prevents the governments from enacting retroactive punishments. The aforementioned requirements were only passed in 2001 and 2004, yet they are purported to apply to all sex offenders, even those who committed their crime before the laws were enacted.

Plaintiffs allege that accordingly to *Doe v. Snyyner,* 2016 WL 4473231(6th Cir. 2016) the 6th Cir. Court of Appeals includes **Michigan** and **Tennessee.** The Courts struck down a retroactive provision of **Michigan's Sex Offender Registry Act**, finding that it violated the ex post fact clause.

The Federal Appeals Court call **Michigan's SORA** *"Punishment"* bars States from imposing Draconian Restrictions. The Sixth Circuit Panel concluded **Michigan's SORA** amendments *"impose punishment"* and thus an ex post facto unconstitutional for retroactive application.

*Doe v. Snyder*, provide immediate relief to registrants who offenses occurred before the application of the *SORA.* The Sixth Circuit Court of Appeals *has held that SORA cannot be applied retroactive.*

## CAUSE OF ACTION

The Defendants and each of them as though fully named therein above, Bill Lee, Governor of the State of Tennessee, David Rausch, Director of Tennessee Bureau of Investigation, Herbert H. Slatery III, State of Tennessee Attorney General, the State of

Tennessee, John and Jane Does, et al., violated the Plaintiffs constitutional rights as so granted under First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States Constitution, when they conspired together a common scheme of plan to impede and hinder the Plaintiffs efforts to live normal life that is guarantee by Constitution of the United States.

Defendants, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of Defendants Bill Lee, Governor of the State of Tennessee, David Rausch, Director of Tennessee Bureau of Investigation, Herbert H. Slatery III, State of Tennessee Attorney General and the State of Tennessee heretofore described.

As a direct and proximate cause of the acts of Defendants Bill Lee, Governor of the State of Tennessee, David Rausch, Director of Tennessee Bureau of Investigation, Herbert H. Slatery III, State of Tennessee Attorney General and the State of Tennessee as set forth above, Petitioner suffered physical injury, loss of income, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

At all times relevant to this Defendants David Rausch, Director of Tennessee Bureau of Investigation were acting under the direction of Defendants Bill Lee, Governor of the State of Tennessee, Herbert H. Slatery III, State of Tennessee Attorney General and the State of Tennessee acting under color of law and pursuant to official policy or custom, State of Tennessee knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to instruct, supervise, control and discipline on a continuing basis Defendants, David Rausch, Director of Tennessee Bureau of Investigation and the State of Tennessee in his duties to

refrain from malicious prosecution to violate the rights, privileges and immunities guaranteed to Plaintiffs by the Constitution and laws of the United States and the laws of the State of Tennessee, otherwise depriving Plaintiffs of constitutional and statutory rights, privileges and immunities.

Defendants Bill Lee, Governor of the State of Tennessee, David Rausch, Director of Tennessee Bureau of Investigation, Herbert H. Slatery III, State of Tennessee Attorney General and the State of Tennessee had knowledge or, had they diligently exercise their duties to instruct, supervise, control and discipline on a continuing basic, should have had knowledge that the wrongs malicious prosecution to be done, as heretofore alleged, were about to be committed.

Defendants Bill Lee, Governor of the State of Tennessee, David Rausch, Director of Tennessee Bureau of Investigation, Herbert H. Slatery III, State of Tennessee Attorney General and the State of Tennessee, had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and callous disregard of Petitioner's right failed or refused to do so.

Defendants Bill Lee, Governor of the State of Tennessee, David Rausch, Director of Tennessee Bureau of Investigation, Herbert H. Slatery III, State of Tennessee Attorney General and the State of Tennessee, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of Defendants, David Rausch, Director of Tennessee Bureau of Investigation, Herbert H. Slatery III, State of Tennessee Attorney General and the State of Tennessee heretofore described.

As a direct and proximate cause of the acts of Defendants Bill Lee, Governor of the State of Tennessee, David Rausch, Director of Tennessee Bureau of Investigation, Herbert H. Slatery III, State of Tennessee Attorney General and the State of Tennessee as set forth above, Petitioner

suffered physical injury, loss of income, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

At all times relevant to this Defendants Bill Lee, Governor of the State of Tennessee, David Rausch, Director of Tennessee Bureau of Investigation and the State of Tennessee were acting under the direction of Defendants Bill Lee, Governor of the State of Tennessee, Herbert H. Slatery III, State of Tennessee Attorney General, David Rausch, Director of Tennessee Bureau of Investigation and the State of Tennessee acting under color of law and pursuant to official policy or custom, Defendants Bill Lee, Governor of the State of Tennessee, Herbert H. Slatery III, State of Tennessee Attorney General, David Rausch, Director of Tennessee Bureau of Investigation and the State of Tennessee knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to instruct, supervise, control and discipline on a continuing basis Defendants Bill Lee, Governor of the State of Tennessee in his duties to refrain from malicious prosecution to violate the rights, privileges and immunities guaranteed to Petitioner by the Constitution and laws of the United States and the laws of the State of Tennessee, otherwise depriving Plaintiffs of constitutional and statutory rights, privileges and immunities.

Defendants Bill Lee, Governor of the State of Tennessee, had knowledge or, had they diligently exercise their duties to instruct, supervise, control and discipline on a continuing basic, should have had knowledge that the wrongs malicious prosecution to be done, as heretofore alleged, were about to be committed.

Defendants Bill Lee, Governor of the State of Tennessee, Herbert H. Slatery III, State of Tennessee Attorney General and the State of Tennessee, had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's right failed or refused to do so.

Defendants Bill Lee, Governor of the State of Tennessee, Herbert H. Slatery III, State of Tennessee Attorney General and the State of Tennessee, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of David Rausch, Director of Tennessee Bureau of Investigation heretofore described.

As a direct and proximate cause of the acts of Defendants Bill Lee, Governor of the State of Tennessee, David Rausch, Director of Tennessee Bureau of Investigation, Herbert H. Slatery III, State of Tennessee Attorney General and the State of Tennessee as set forth above, Plaintiffs suffered physical injury, loss of income, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

At all times relevant to this Defendants Bill Lee, Governor of the State of Tennessee, David Rausch, Director of Tennessee Bureau of Investigation and the State of Tennessee, Herbert H. Slatery III, State of Tennessee Attorney General and the State of Tennessee knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to instruct, supervise, control and discipline on a continuing basis Respondents Officer's in their duties to refrain from falsely accused and lying under oath to violate the rights, privileges and immunities guaranteed to Plaintiffs by the Constitution and laws of the United States and the

laws of the State of Tennessee, otherwise depriving Plaintiffs of his constitutional and statutory rights, privileges, and immunities.

Defendants Bill Lee, Governor of the State of Tennessee, David Rausch, Director of Tennessee Bureau of Investigation, Herbert H. Slatery III, State of Tennessee Attorney General and the State of Tennessee had knowledge or, had they diligently exercised their duties to instruct, supervise, control and discipline on a continuing basic, should have had knowledge that the wrongs falsely accused and lie under oath to be done, as heretofore alleged, were about to be committed. Defendants Bill Lee, Governor of the State of Tennessee, David Rausch, Director of Tennessee Bureau of Investigation, Herbert H. Slatery III, State of Tennessee Attorney General and the State of Tennessee had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and to do so.

Defendants Bill Lee, Governor of the State of Tennessee, David Rausch, Director of Tennessee Bureau of Investigation, Herbert H. Slatery III, State of Tennessee Attorney General and the State of Tennessee, callous disregard of Plaintiff's rights failed or refused David Rausch, Director of Tennessee Bureau of Investigation and the State of Tennessee, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of Plaintiffs David Rausch, Tennessee Bureau of Investigation, Herbert H. Slatery III, State of Tennessee Attorney General and the State of Tennessee heretofore described.

As a direct and proximate cause of the acts of Defendants Bill Lee, Governor, Defendant David Rausch, Director of Tennessee Bureau of Investigation, Herbert H. Slatery III, State of Tennessee Attorney General and the State of Tennessee as set forth above, Plaintiffs suffered physical injury, loss of income and severe mental anguish in connection with the deprivation of

his constitutional and statutory rights guaranteed by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

**RELIEF**

**WEHREFORE,** Plaintiffs Carl E. Jordan demands judgment against, Defendants Bill Lee, Governor of the State of Tennessee, David Rausch, Director of Tennessee Bureau of Investigation, Herbert H. Slatery III, State of Tennessee Attorney General State of Tennessee and State of Tennessee Insurance Company jointly and severally, compensatory damages in the amount $100.000.00 and further demands judgment against each said Defendants jointly and severely, for punitive damages in the amount of $2,000.000.00 plus the cost, interest, discretionary cost, treble damages of this action.

That this Honorable Court issue Injunctive Relief, directing the Defendants, Their Successors, Agents, or anyone acting in concert with them, to release the Plaintiffs immediately from this and such other relief as the Court deems just and equitable.

Defendants act and/or omissions complained of herein above, have and are, causing Plaintiffs to suffer severe mental, psychological and emotional stress, discomfort, depression withdrawal, confusion, delusions, irrational suspicion, anger, nervousness, aggravation and pain.

Therefore, Plaintiffs is entitled to an award of compensatory damages in the amount of $100.000.00. Plaintiffs act and/or omissions, complained of herein above, inasmuch as they violate constitutionally protected rights, entitled Petitioner under the circumstance related herein above, to an award of compensatory damages in the amount of $100.000.00.

Defendants act and/or omissions, as complained of herein above, in as much as they engaged in by Defendants maliciously, deliberately, intentionally, willfully, callously, capricious, wantonly and arbitrarily and with full knowledge that such violated Plaintiff's Fourth, Fifth, Sixth, Eighth and Fourteenth Constitutional Amendments protected rights, entitles Plaintiffs to an award of punitive damages in the amount of $2,000.000.00. Court cost to be taxed to the Defendants named herein above in this complaint.

The Plaintiffs further requests this Honorable Court to appoint a competent counsel so this action can be sufficiently amended to meet all other requirement of the Federal Rules and Procedure including discovery.

I Carl E. Jordan, hereby certify under penalty of perjury that the above complaint of the Plaintiff is true to the best of her information, knowledge and belief.

Signed this 15th day of Oct, 2019.

Respectfully submitted,

_____
Carl E. Jordan
*Acting pro se*
1603-14th Avenue North
Nashville, TN 37208
(615) 894-2565

**THIS DOCUMENT IS SELF-NOTARIZED PURSUANT TO TITTLE 28 § U.S.C. 1746**